## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Clarence Kenneth Voigt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **RE § 1915 SCREENING** |
| | ) | |
| State of North Dakota, | ) | Case No. 1:06-cv-084 |
| | ) | |
| Defendant. | ) | |

### I.    BACKGROUND

Plaintiff, Clarence Voigt, has filed a form *pro se* complaint with this court alleging a

violation of his First Amendment right to free speech.  Plaintiff also applied to proceed *in forma*

*pauperis*. The following is a report and recommendation with respect to the review of plaintiff's

complaint pursuant to 28 U.S.C. § 1915(e)(2) and plaintiff's application to proceed *in forma*

*pauperis*.

### II.    DISCUSSION.

#### A.    Causes of Action

Voigt states in this complaint that he appeared before the "North Dakota Legislative Council

on Workers' Compensation Review Committee" on April 27, 2006.  He claims he was asked to

attend the committee hearing to comment about his disability claim and to recommend possible bill

provisions that would improve the current statutes to help injured workers.  Voigt states that these

suggestions would be passed on to the Legislative Council for promulgation.

Voigt claims, after his testimony to the Compensation Review Committee, an attorney with

Workforce Safety Insurance ("WSI"), Timothy Wahlin, testified about concerns Voigt raised with

Dockets.Justia.com

the Compensation Review Committee.  Although the essence of Voigt's complaint regarding

Wahlin's testimony is less than clear, the court gleans that Voigt believes some of the statements

made by Wahlin regarding Voigt's worker's compensation plan were untrue and misrepresented

Voigt's entitlements under his disability benefits.

Voigt's statement of facts, combine with his statement that this court has jurisdiction under

"Amendment No.1 to the Constitution of the United States of American (sic)," and his statement of

relief leads this court to believe that Voigt's claim rests solely with Wahlin's comments at the

Compensation Review Committee hearing and not with his workers compensation claim itself.

Voigt says in his statement of relief that he is asking for $2.5 million in punitive damages for

defamation, slander, and violation of  "Amendment No. 1 of the Constitution of the United States

of America, (Freedom of expression-speech)."  He also states the would like the court to order the

"State of North Dakota to come into compliance with the U.S. Department of Justice on the above

civil matter."

**B.      Standard Governing Review**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the

court may authorize the commencement of a suit without prepayment of fees by a person submitting

a financial affidavit evidencing an inability to pay.  See 28 U.S.C. § 1915(a)(1).  Notwithstanding

financial eligibility, however, the court may deny an application if the court concludes the action

is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is

immune from such relief.  See 28 U.S.C. § 1915(e)(2).[1]

---

[1]  28 U.S.C. § 1915(e)(2) states the following:
(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that–
        (A)  The allegation of poverty is untrue; or

28 U.S.C. § 1915(e)(2).

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996). In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional). "A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

**C.     28 U.S.C. § 1915(e)(2) Screening**

Although Voigt does not so state, he is effectively bringing his claim through 42 U.S.C. § 1983 given his allegations of a federal constitutional violation on the part of the defendant. To state a claim pursuant to 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

---

(B)  the action or appeal–
    (i)  is frivolous or malicious
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

In Voigt's statement for relief, he states his suit is for a violation of his First Amendment rights and for defamation.  He also asks the court to "order the State of North Dakota to come into compliance with the U.S. Department of Justice on the above civil matter."  Voigt's last request is unintelligible to the court; therefore, only the first two claims for relief will be analyzed.

### 1.    First Amendment Claim

Voigt claims he was denied his First Amendment right to freedom of speech because the attorney for Workforce Safety Insurance discounted his testimony at the Compensation Review Committee hearing.

It is a fundamental premise that "freedom of expression upon public questions is secured by the First Amendment" and that this constitutional safeguard "'was fashioned to assure unfettered interchange of ideas for the brining about of political and social changes desired by the people.'" New York Times Co. v. Sullivan, 376 U.S. 254, 269 (1964) (quoting Roth v. United States, 354 U.S. 476, 484 (1957)).  The axiom of a free republic rests on the "national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open . . . ."  Id. at 270.  With the strict adhesion to this principle with few exceptions, the courts have consistently held that the First Amendment forbids the abridgement, regulation, and the suppression of free expression.  Texas v. Johnson, 491 U.S. 397, 404-405 (1989).

Voigt, however, has failed to allege any First Amendment violation by any person present at the Compensation Review Committee hearing.  Voigt did not allege in his complaint that he was denied time to testify at the hearing, that any member of the committee prematurely ended his

allotted speaking time because of the content of his speech, or that he suffered any retaliation because of his position at the hearing.  See Harrington v. Harris, 118 F.3d 359 (5th Cir. 1997); Thompson v. Huntington, 69 F. Supp.2d 1071 (S.D. Ind. 1999).  Voigt pled he was asked to testify at the hearing and that he was able to testify without hindrance.  Thus, his contention is not with suppression and infringement of his right to expression but instead with the content of the WSI attorney's testimony.  This is not an infringement on his right to freedom of expression.

Voigt would be unable to plead any set of facts under the presented circumstance to show that any of his rights secured by the Constitution under the First Amendment were violated.

**2.    Defamation Claim**

Voigt mentions in his statement for relief that his demand for $2.5 million is for defamation and slander, in addition to his First Amendment right claim.  It is well-established, however, that defamation or an injury to one's reputation is not a constitutional deprivation and does not constitute a cause of action under 42 U.S.C. § 1983.  See Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077-78 (3rd Cir. 1997); Brayman v. United States, 96 F.3d 1061, 1066 (8th Cir. 1996); Clark v. Solem, 628 F.2d 1120, 1121 (8th Cir. 1980); Paul v. Davis, 424 U.S. 693, 710 (1976).

In this case, it is doubtful whether Voigt has even pled a cognizable state-law claim for defamation.  However, even if he has, there is an absence of special factors that would justify the court exercising supplemental jurisdiction in the absence of a viable federal claim.  See Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004);  Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000);  ACLU v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999).

## III.     CONCLUSION AND RECOMMENDATION

It is clear beyond a doubt that the complaint fails to state a federal claim upon which relief can be granted with the meaning of 28 U.S.C. § 1915(e)(2).  And, this being the case, the exercise of supplemental jurisdiction over any state-law claims that may have been pled also would not be appropriate.

Based on these conclusions, it is **RECOMMENDED** that the application to proceed *in forma pauperis* be denied without prejudice to the claims set forth in the proposed complaint.  See Denton v. Hernandez, 504 U.S. at 34; Wilson v. Johnston, 68 Fed.Appx. 761 (8th Cir. 2003) (*per curiam*).

### NOTICE OF RIGHT TO FILE OBJECTIONS

 Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 16th day of November 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge